KEZIA HARRINGTON, Appellant, v. MYRNA SCHILLER, Appellant, and CHARLES A. WHITE, as Administrator of the Estate of ADDIE N. SCHILLER, Deceased, et al., Respondents.

*Evidence — witness not disqualified under section 829 of Code of Civil Procedure where it appears she will not be benefited by her testimony — re-argument will not be granted on ground that minor point was not called to court's attention on original argument.*

1. In order to escape the disqualifications imposed by section 829 of the Code of Civil Procedure upon a person from, through or under whom a party or interested person derives his interest or title, it is not necessary that the proposed witness should be injured by the testimony which she offers; it is only necessary that she should not be benefited thereby.

2. A re-argument will not be granted because on a minor point counsel failed to call to this court's attention in the first instance some argument or evidence which they now think might have changed our views.

(Submitted July 13, 1921; decided October 4, 1921.)

MOTION for re-argument. (See 231 N. Y. 278.)

HISCOCK, Ch. J.  This is a motion for a re-argument of a case of which the facts have been rendered unnecessarily complicated by the ill-considered acts of some of the parties, on the usual grounds that the court has over-looked various facts and misinterpreted the legal effect of others.  We deem it desirable to write briefly concerning only three fundamental propositions which are the basis of the motion.

*First*, it is argued now with a fullness and emphasis which were wanting on the original argument that the quitclaim deed executed by Myrna Schiller to plaintiff was sufficient to convey any interest which the grantor had in the premises in question as heir at law of her mother and that the failure to recognize this resulted in error in our decision.

It is possible that if that question should arise directly between the grantor and grantee in the deed in question, it might be held that that conveyance was effective to convey the title of the grantor as heir of her mother.  On the record, as it is now presented to us, however, it seems very clear that this could not have been the intention of the parties.  The plaintiff by a warranty deed, operating through an intervening party, had conveyed to Myrna Schiller an interest in said premises which clearly did not include any interest which the latter had as heir of her mother.  The attitude and claims of the respective parties to that conveyance were totally opposed to the idea that the mother of Myrna Schiller had any real interest in said premises at the time of her death.  As stated in substance in respondent's brief, it was clearly the purpose of the quitclaim deed by Myrna Schiller to restore to plaintiff any interest which she had acquired by the latter's conveyance, so as to remove her disqualification as a witness under section 829, Code of Civil Procedure, and it is quite impossible to believe that any theory or purpose which these parties had would have been subserved by the conveyance by Myrna Schiller to plaintiff of any interest which she might have as heir of her mother.

But, independent of this consideration, and if we should assume at this point that the conveyance did cover and include any interest which Myrna had as heir of her mother, such assumption would not impair our conclusion that such conveyance relieved Myrna Schiller from the disability she otherwise had incurred under section 829, Code of Civil Procedure, as the grantee of plaintiff. In order to escape the disqualifications imposed by said section in such a matter as this it is not necessary that the proposed witness should be injured by the testimony which she offers. It is only necessary that she should not be benefited thereby. If we assume that Myrna Schiller conveyed her interest as heir of her mother, such assumption might remove the argument that the tendency of her proffered testimony would be to injure her. It would not answer the proposition that she could not be benefited by the success of plaintiff with the aid of her testimony on the claim set out in her complaint to this real estate and now being discussed. It is to be borne in mind, as sometimes it does not seem to be, that the plaintiff in this action is not making any claim to success by reason of any conveyance to her by Myrna Schiller of any interest the latter might have held as heir of her mother. The whole theory of her complaint is utterly opposed to any claim as grantee of Myrna as heir of her mother.

*Second,* it is again argued, perhaps in a little different form, that Myrna Schiller's evidence if it helped plaintiff to establish her claim would benefit the former in respect of the proceeds of the three thousand dollar check. It is in substance contended that plaintiff consented to the payment by Addie Schiller to Myrna of this money, and that if the plaintiff should succeed she would have no right of action against Myrna for the proceeds of the check; that on the other hand if respondents should succeed Myrna would be compelled to account for the proceeds of the check. Neither proposition is convincing.

It is true that plaintiff in her complaint in substance alleges that with her consent and approval, Addie Schiller

delivered to Myrna this check, but the trial court has found on sufficient evidence that no legal delivery of such a check was ever made and that the same was revoked by the death of Addie, and, therefore, it follows that that which plaintiff says she consented to never happened, and under such circumstances we see no reason why she would be estopped from compelling Myrna to account for the entire proceeds of the check. On the other hand, while Myrna might be compelled to account to the representative of her mother for the full proceeds of this check such accounting would be in part for her own benefit since she as next of kin of her mother would be entitled substantially to one-half of the proceeds from the administrators.

*Third,* it is now urged that plaintiff executed to Myrna an assignment of a one-half interest in the claim for $1,700 against the land company, springing out of the conveyance or contract made by Addie during her lifetime, and that, therefore, to the extent of that interest Myrna would be benefited by the success of the plaintiff and her evidence is, therefore, rendered incompetent. We cannot find that any such point as this was made upon the original argument. The defendants' answers simply alleged that Myrna as administratrix of her mother assigned this claim to plaintiff and herself. We do not feel inclined to grant a re-argument because on a minor point counsel failed to call to our attention in the first instance some argument or evidence which they now think might have changed our views.

Furthermore, if we adopt the respondents' theory that plaintiff's claim to the real estate, the diverse claims to the proceeds of the $3,000 check and to the $1,700 claim against the land company are all part of one and the same issue, we would then have the result that Myrna Schiller's injury in respect of the proceeds of the three thousand dollar check, through plaintiff's success, would be greater than any benefit in respect of the seventeen hundred dollar claim, which she might derive through plaintiff's

success, and that the balance which might result from her testimony, if effective, would be against rather than in favor of her interest. It is again to be reiterated that plaintiff in that branch of her case under discussion makes no claim to the proceeds of the check or to the real estate claim based on any assignment by Mryna.

Therefore, we think that the application should be denied, with ten dollars costs and necessary printing disbursements.

All concur.

Motion denied.